1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JACKIE EDWARD JOHNSON,                    No.  2:21-cv-1370 KJM DB P

12                  Petitioner,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   LANDON BIRD, Warden,[1]

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner alleges that he is entitled to habeas relief because his

19   right to a speedy trial was violated, he received ineffective assistance of counsel, there was

20   prosecutorial misconduct, and the jury was improperly instructed.  (ECF No. 1.)  Presently before

21   the court is respondent's fully briefed motion to dismiss.  (ECF No. 13.)

22   ////

23   ////

24   _____

25   [1] Counsel for respondent notes in the motion to dismiss that the current warden of Valley State
     Prison, where petitioner is presently housed, is Landon Bird.  (ECF No. 13 at 1 fn.1.)
26   Accordingly, the court will direct the Clerk of Court to substitute Warden Raythel Fisher's name
     with that of Warden Landon Bird's in the case caption on the docket.  See Rule 2(a), Rules
27   Gov'ing § 2254 Cases; Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (citation
     omitted) (stating proper respondent in federal habeas corpus petition is petitioner's immediate
28   custodian).

                                               1

1

**I.      Background**

2

      **A.  Conviction and Sentence**

3      Following a jury trial in the Sacramento County Superior court, petitioner was found

4   guilty of two counts of felony child endangerment and corporal injury on a cohabitant.  (LD 1.[2])

5   The jury further determined that petitioner inflicted great bodily injury relative to the first count

6   of child endangerment.  The court also found true allegations that petitioner had a prior serious

7   felony and served a prior prison term.  Petitioner was sentenced to twenty-five years and eight

8   months in prison.  (LD 1.)  The sentence included enhancements related to petitioner's prior

9   serious felony and prior prison term. (Id.)

10

      **B.  Appeals**

11      On appeal, the Third District Court of Appeal upheld the conviction, but remanded the

12   case to the trial court to determine whether the enhancements related to petitioner's prior serious

13   felony should be stricken due to a newly enacted Senate Bill 1393.[3]  Petitioner's request for

14   review in the California Supreme Court was denied.  (LD 4.)

15      On remand, the trial court declined to exercise its discretion to strike the five-year prior

16   serious felony enhancement.  (LD 5 at 3-4.)  The court imposed the same sentence it had at the

17   original sentencing hearing.  Petitioner again appealed to the Third District Court of Appeal.

18      Following the Superior Court's imposition of the same sentence, petitioner again sought

19   appellate review.  (LD 5.)  The appellate court affirmed the judgment, modified the one-year prior

20   prison term enhancement imposed under section 667.5(b) and remanded for resentencing.  (LD 5

21   at 8.)  Petitioner sought review in the California Supreme Court on December 1, 2020.  (LD 6.)

22   The petition for review was denied.  (LD 7.)

23   ////

24

25   [2] Respondent lodged state court records with his motion to dismiss.  (See ECF No. 17.)  Each
document is referenced herein by its Lodged Document ("LD") number.

26

27   [3] Senate Bill No. 1393, became effective January 1, 2019, amended California Penal Code
"sections 667, subdivision (a) and 1385, subdivision (b) to allow a court to exercise its discretion
to strike or dismiss a prior serious felony conviction for sentencing purposes."  People v. Johnson,

28   C085283, 2019 WL 926508, *9 (Cal. Ct. App. Feb. 26, 2019).

As of the time of filing of respondent's reply brief, the remand proceedings remain pending with a resentencing hearing set for May 27, 2022.  (ECF No. 18 at 1.)

## II.     Respondent's Motion to Dismiss

### A.  Respondent's Motion

Respondent argues that the petition should be dismissed because state proceedings are ongoing and thus, his conviction is not yet final.  (ECF No. 13.)  Respondent states that this court should dismiss the petition because the state has an important interest in reviewing any violations of petitioner's rights and the pending proceedings may render some of petitioner's federal claims moot.  (Id. at 3.)  Respondent further states that petitioner will have the opportunity to seek federal review once state proceedings are concluded.  Finally, respondent argues petitioner has not made any showing of extraordinary circumstances that would indicate that he would suffer immediate and irreparable harm.  (Id. at 4.)

### B.  Petitioner's Response

Petitioner argues that the resentencing hearing scheduled for April 8, 2022, did not occur.  (ECF No. 16.)  He also requests that if the petition is dismissed, that it be "reinstated and refiled without going through this whole process again" and that the court return his exhibits and transcripts.  (Id. at 1.)

### C.  Respondent's Reply

Respondent notes in the reply that petitioner does not dispute that remand proceedings remain ongoing.  (ECF No. 18 at 1.)  Additionally, respondent notes that the Younger abstention doctrine requires that a federal petition filed before state judgment is final, must be dismissed.  (Id. at 1-2.)

## III.    Legal Standards

### A.  Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted

1    under Rule 4); <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly

2    allows a district court to dismiss summarily the petition on the merits when no claim for relief is

3    stated"); <u>Vargas v. Adler</u>, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D.

4    Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal

5    claim).  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254

6    Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion

7    under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition

8    has been filed.  <u>See e.g.</u>, <u>Miles v. Schwarzenegger</u>, No. CIV, S-07-1360 LKK EFB P, 2008 WL

9    3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's

10   motion to dismiss for failure to state a claim), <u>rep. and reco. adopted</u>, No. CIV S-07-1360 (E.D.

11   Cal. Sept. 26, 2008).  However, a petition for writ of habeas corpus should not be dismissed

12   without leave to amend unless it appears that no tenable claim for relief can be pleaded were such

13   leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

14        **B.  <u>Younger</u> Abstention**

15        Principles of comity and federalism weigh against a federal court interfering with ongoing

16   state criminal proceedings by granting injunctive or declaratory relief absent extraordinary

17   circumstances.  <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971).  Younger abstention is required

18   when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve

19   important state interests; and (3) the state proceedings afford adequate opportunity to raise the

20   constitutional issues.  <u>See Middlesex County Ethic Comm. v. Garden State Bar Ass'n.</u>, 457 U.S.

21   423, 432 (1982); <u>Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.</u>, 477 U.S. 619, 627

22   (1986).

23        A petitioner must await the outcome of the state appellate proceeding "even where the

24   issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."

25   <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983).  This is because "the pending appeal

26   may result in reversal of the petitioner's conviction on some other ground," thus "mooting the

27   federal question."  <u>Id.</u>  "When a case falls within the proscription of Younger, a district court

28   must dismiss the federal action."  <u>Fresh Int'l Corp. v. Agricultural Labor Relations Bd.</u>, 805 F.2d

1353, 1356 (9th Cir. 1986) (citing <u>Juidie v. Vail</u>, 430 U.S. 327, 337 (1977)).  In addition, there is

no discretion to grant injunctive relief if the case is within the <u>Younger</u> category of cases.  <u>Id.</u>

(citing <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 816 n.22

(1976)).

   The <u>Younger</u> doctrine stems from the longstanding public policy against federal court

interference with state court proceedings.  <u>Younger</u>, 401 U.S. at 43.  Federal courts should not

enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment.

<u>Id.</u> at 46, 53-54 (holding that the cost, anxiety, and inconvenience of criminal defense are not the

kind of special circumstances or irreparable harm that justify federal court intervention); <u>Dubinka</u>

<u>v. Judges of the Superior Court</u>, 23 F.3d 218, 225-26 (9th Cir. 1994).  Additionally, irreparable

harm alone is insufficient to warrant federal intervention unless the irreparable harm is both great

and immediate.  <u>Pulliam v. Allen</u>, 466 U.S. 522, 538 n.17 (1984) ("When the question is whether

a federal court should enjoin a pending state-court proceeding, even irreparable injury is

insufficient unless it is both great and immediate.") (quotations and citations omitted).

### IV. Analysis

   Under the first prong of the <u>Younger</u> test, pendency of the state proceedings is determined

at the time the federal petition is filed.  <u>Mission Oaks Mobile Home Park v. City of Hollister</u>, 989

F.2d 359, 360-61 (9th Cir. 1993) <u>overruled on other grounds by</u> <u>Green v. City of Tucson</u>, 255

F.3d 1086, 1093 (9th Cir. 2001); <u>Beltran v. California</u>, 871 F.2d 777, 781 (9th Cir. 1988).  State

proceedings are ongoing if appellate remedies have not been exhausted.  <u>Huffman v. Pursue Ltd.</u>,

420 U.S. 592, 608-09 (1975).  Here, petitioner acknowledges (ECF No. 16), and court records

indicate (ECF No. 18-1), that state proceedings are pending in petitioner's criminal case because

resentencing proceedings remain pending before the Sacramento County Superior Court.

   Second, criminal proceedings, by their very nature, involve important state interests.  <u>See</u>

<u>Koerner v. Grigas</u>, 328 F.3d 1039, 1046 (9th Cir. 2003) (citing <u>Duncan v. Henry</u>, 513 U.S. 364,

365 (1995) (per curium)) (The state has an important interest in passing upon and correcting

violations of a defendant's rights.).

*////*

1    In considering the third factor, the Supreme Court has noted that "where vital state

2    interests are involved, a federal court should abstain 'unless state law clearly bars the

3    interposition of the Constitutional claims.'"  Middlesex County Ethics Commission, 457 U.S. at

4    432 (quoting Moore v. Simms, 442 U.S. 415, 426 (1979)).  A federal court should assume that

5    state procedures will afford an adequate opportunity for consideration of Constitutional claims "in

6    the absence of unambiguous authority to the contrary."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1,

7    15 (1987).  Petitioner has an adequate opportunity to raise the constitutional issues underlying his

8    conviction in a habeas petition once state proceedings have concluded.  Petitioner will not lose his

9    ability to pursue the claims stated in the petition by waiting until his conviction is final before

10   applying for federal habeas relief.  See United States v. Buenrostro, 895 F.3d 1160, 1165 (9th Cir.

11   2018) ("A judicial resentencing may . . . produce a new judgment" which "may be challenged

12   without regard to the limitation on second-or-successive petitions 'even if the [second-in-time]

13   petition challenges only undisturbed portions of the original judgment.'").

14          In this case, there are no "unusual circumstances" that would justify a departure from the

15   "general rule that a petitioner must await the outcome of state proceedings before commencing

16   his federal habeas corpus action."  Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998).

17   Petitioner has neither argued nor shown that an exception to the Younger abstention applies.

18   There is no suggestion of bad faith, harassment, or some other extraordinary circumstance that

19   would make abstention inappropriate.  The court notes that petitioner stated in his response that

20   the resentencing scheduled for April 8, 2022, did not occur.  (ECF No. 16 at 1.)  However,

21   respondent indicated in the reply that the resentencing hearing has been continued and is set to

22   take place on May 27, 2022.  (ECF No. 18 at 1.)  Other courts have determined that abstention is

23   warranted where a federal habeas petitioner is awaiting resentencing in state court.  See McCaw

24   v. People, No. CV 16-05527 PSG (RAO), 2016 WL 4487824, at *1-2 (C.D. Cal. Aug. 25, 2016)

25   (Younger abstention warranted where sentencing proceedings following remand were pending);

26   Phillips v. Neuschmid, No. 2:19-cv-03225-RGK (AFM), 2019 WL 6312573, at *2 (C.D. Cal.

27   Oct. 18, 2019) (Younger abstention warranted where resentencing proceedings were pending in

28   state court); Lammers v. Hutchins, No CV 18-9433-SJO (GJS), 2019 WL 1771658 at *2-3 (C.D.

1  Cal. Mar. 5, 2019) (<u>Younger</u> abstention warranted where petitioner was awaiting state court

2  resentencing).

3    Significantly, because a new criminal judgment has not yet been entered, 28 U.S.C. §

4  2244(d)'s one-year limitations period for filing a federal habeas petition under 28 U.S.C. § 2254

5  has not yet started to run.  <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 156-57 (2007) ("Burton's

6  limitations period did not begin until both his conviction and sentence 'became final by the

7  conclusion of direct review or the expiration of the time for seeking such review.'").

8    Accordingly, the undersigned concludes that the <u>Younger</u> doctrine requires dismissal of

9  this action without prejudice.  <u>See</u> <u>Beltran</u>, 871 F.2d at 782 ("Where <u>Younger</u> abstention is

10  appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render

11  a decision on the merits after the state proceedings have ended. To the contrary, <u>Younger</u>

12  abstention requires *dismissal* of the federal action." (Emphasis in original; citations omitted.)).

13    The court does not have discretion to allow petitioner to reinstate this action.  Petitioner is

14  further advised that the Clerk's Office will provide copies of documents at $0.50 per page.

15  Checks in the exact amount should be made payable to "Clerk, USDC."  Copies of documents in

16  cases may also be obtained by printing from the public terminals at the Clerk's Office or by

17  contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816,

18  phone 916-400-4948, fax 916-400-4948.

19    **V. Conclusion**

20    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to

21  substitute the name of "Raythel Fisher, Warden" for "Landon Bird, Warden" in the case caption

22  of the docket.

23    IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be

24  granted and the petition be dismissed without prejudice.

25    These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days of

27  the date after being served with these findings and recommendations, any party may file written

28  objections with the court and serve a copy on all parties.  Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be filed and served within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  May 23, 2022

6

7

8   DEBORAH BARNES

    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16   DB:12

    DB/DB Prisoner Inbox/Habeas/S/john1370.mtd

17

18

19

20

21

22

23

24

25

26

27

28