UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE EDWARD JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>LANDON BIRD,<br><br>    Respondent. | No. 2:21-cv-01370-DAD-DB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS THIS ACTION<br><br>(Doc. Nos. 13, 20) |

    Petitioner Jackie Edward Johnson is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 24, 2022, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 13) be granted because petitioner's underlying state criminal proceedings are still pending, and thus application of the *Younger* abstention doctrine requires dismissal of this federal habeas action without prejudice. (Doc. No. 20 at 5–7) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within

/////

/////

1

fourteen (14) days from the date of service. (*Id*. at 7–8.) To date, no objections have been filed and the time in which to do so has now passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly, respondent's motion to dismiss the pending petition will be granted.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the court's decision to dismiss the petition to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on May 24, 2022 (Doc. No. 20) are adopted in full;
2. Respondent's motion to dismiss the pending petition (Doc. No. 13) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed, without prejudice;
4. Petitioner's pending discovery motions (Doc. Nos. 6, 19) are denied as having been rendered moot by this order;

---

[1] This case was reassigned to the undersigned district judge on August 25, 2022. (Doc. No. 21.)

2

5. The court declines to issue a certificate of appealability; and

6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 9, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

3